## HOLCOMBE et al. v. LORINO.
### No. 1801—6782.

Commission of Appeals of Texas, Section A.
Nov. 28, 1934.

R. R. Lewis, City Atty., George D. Neal and W. M. Holland, Asst. City Attys., and W. E. Boyd, all of Houston, for plaintiffs in error.

Charles Murphy and Sewall Myer, both of Houston, for defendant in error.

SHARP, Judge.

On the 2d day of November, 1933, Bernard Lorino filed in the district court for the Eightieth judicial district of Harris county his original petition for a temporary injunction against the mayor and commissioners of the city of Houston from interfering with his possession of stall No. 14, or in any manner interfering with his trade, or from compelling him to move or moving his fixtures during the pendency of the suit or until the further orders of that court. The injunction was granted as prayed for. Lorino filed amended pleadings, alleging, in substance, as the basis of his cause of action, the following facts: That he had a rental agreement with the city whereby he might use and occupy stall No. 14 in the city market, owned and operated by the city of Houston, for so long as he paid rent thereon and complied with the rules and regulations promulgated by the city of Houston for the operation of its city market; that, prior to the time of his rental contract with the city, stall No. 14 was occupied by a tenant who had become in arrears with the rent on said stall to the extent of $375; that Lorino did rent stall No. 14 from the city of Houston, paid the $375 back rent due by the former tenant, agreed to install new fixtures, and to improve the premises, and the authorized agents and representatives of the city of Houston agreed that he could occupy the space for so long a period as he paid the rent therefor and conformed with the reasonable rules and regulations governing the city market; that he did install new fixtures for the purpose of conducting his business to the value of approximately $5,000; that he had built up a remunerative business by operating stall No. 14 as a fish market, and that by reason of the fact that he paid back rent amounting to $375 due by a former tenant, and that the fixtures that he had installed will be of no value to him if required to vacate stall No. 14 in the city market; that so long as he pays rent on stall No. 14, and complies with the rules and regulations by the city of Houston for conducting its city market, he is entitled to remain in said premises; that the city council had served notice on him to move from the premises, and he prayed that the city be restrained permanently from in any manner interfering with his possession of stall No. 14.

The trial court sustained a general demurrer to his original, as well as amended, pleadings, without hearing the case upon its merits, and refused the injunctive relief prayed for.

Lorino appealed to the Court of Civil Appeals at Galveston, and that court reversed the judgment of the trial court, and remanded the cause for trial, with instructions. 71 S.W. (2d) 402. The Court of Civil Appeals, in its opinion, sets out in detail the allegations embraced in Lorino's pleadings, and we refer to the opinion for a further statement of the matters alleged in the pleadings.

The principal question to be decidede here is whether or not Lorino is entitled to injunctive relief to prevent the city of Houston from prosecuting a forcible entry and detainer suit to oust him from stall No. 14, which he claims to hold by reason of a lease contract with the city. Section 922 of the Revised Code of Ordinances for the city of Houston, in part, reads: "All leases or rental contracts shall run from month to month revokable at the pleasure of the mayor or city council." On the 26th day of October, 1933, the mayor and city council gave notice in writing to Lorino that his rental contract in reference to stall No. 14 had been canceled and revoked and he was asked to vacate the premises.

■ Lorino does not allege any title to the premises, and has made no allegations that the title to said property is involved, nor that the city of Houston is insolvent and unable to respond in damages for a breach of the lease agreement, nor that the city intends or contemplates resorting to wrongful or unlawful acts, nor does he allege sufficient facts to show that he has no adequate remedy at law and will suffer irreparable injury by such forcible entry and detainer proceedings. The Court of Civil Appeals erred in holding that, as all of the alleged rights of Lorino could not be urged and adjudicated in the justice court, on account of its limited jurisdiction, in answer to a forcible entry and detainer suit instituted against him by the city, he is entitled to an injunction restraining the city from the prosecution of such suit to determine the right of possession to stall No. 14.

■ The Legislature has provided by forcible entry and detainer proceedings a summary, speedy, simple, and inexpensive remedy for the determination of who is entitled to the possession of premises without resorting to an action upon the title. This action allowed by law is not exclusive but cumulative of any other remedy that a party may have in the courts of this state. See article 3973 et seq., Rev. Civ. Stat. 1925, 19 Tex. Jur. pp. 764, 765, 766 and 767, and authorities cited.

■ The rule is well settled that the defendant, in an action of forcible entry and detainer, may prove any facts not inconsistent with the title under which he went into possession of the premises which show that his right to occupancy existed when suit was brought, although such facts may be connected with the title. If the city has no right under the facts to terminate the lease, as contended for, that issue may be determined in the detainer proceedings. Furthermore, if it appears that, on account of the limited jurisdiction of the justice court in which the forcible entry and detainer proceedings is pending, all matters between the parties cannot be adjudicated, either party may maintain an action in a court of competent jurisdiction for proper relief. For a full discussion of this question we refer to the following authorities: House v. Reavis, 89 Tex. 626, 35 S. W. 1063; Juneman v. Franklin, 67 Tex. 411, 3 S. W. 562; Hartzog v. Seeger Coal Co. (Tex. Civ. App.) 163 S. W. 1055; 19 Tex. Jur. pp. 766 and 767 and authorities cited.

■ An analysis of the allegations made by Lorino clearly shows that the dominant purpose of his action in the district court is to obtain injunctive relief against the city from prosecuting its suit for forcible detainer to determine who is entitled to possession of stall No. 14. To test the right of possession of property, the state has adopted a liberal policy by providing cumulative remedies. Therefore, an application for an injunction to prevent the prosecution of either remedy should be and is always subjected to strict construction. Viewed in the light of this rule, the petition for injunctive relief does not state a cause of action. It is not made to appear that Lorino's rights will be destroyed or that he has no adequate remedy at law to protect him against the alleged wrongs complained of, or that he will suffer irreparable injury if injunctive relief is not granted. 19 Tex. Jur. pp. 763 and 764 and authorities cited; Bexar County v. Stewart (Tex. Civ. App.) 41 S.W.(2d) 85, writ denied; Hartzog v. Seeger Coal Co., supra; Gibson v. Moore, 22 Tex. 611.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court affirmed.

Opinion adopted by the Supreme Court Nov 28, 1934.