OSCAR F. HOLCOMB ET AL. V. BERNARD LORINO.

No. 6782. Motion No. 11,650. Decided February 20, 1935.
(79 S. W., 2d Series, 307.)

*R. R. Lewis, Geo. D, Neal, W. M. Holland* and *W. E. Boyd,* all of Houston, for plantiffs in error.

Where the city of Houston has instituted a forcible entry and detainer suit in the justice court to oust defendant in error from the city market owned and operated by said city, the title to said premises not being involved, all claims by the defendant in error as to his right of possession to said stall in said market may be fully urged as defenses to said suit and an injunction will not lie to restrain the said city from prosecuting the ouster suit. Bexas County v. Stewart, 41 S. W. (2d) 85 (writ refused); Head v. Commissioners Ct. of Hutchinson County, 14 S. W. (2d) 86; 18 Texas Jur., 63, par. 5.

The petition for injunction making no allegation that the title to said property is involved nor that city is insolvent and unable to respond in damages nor alleging any other fact to show that he has no adequate remedy at law and will suffer irreparable injury, is insufficient to invoke the aid of equity and no injunction will issue to restrain city from proceeding with the forcible and entry proceedings. Lipscomb v. Butler, 35 S. W. (2d) 742; Bunch v. Thomas, 121 Texas, 225, 49 S. W. (2d) 421; Sanitary Appliance Co. v. French, 34 S. W. (2d) 673.

The leasing of the space in the city market did not create the relationship by and between the City of Houston and Lorino of joint adventures embarking upon a joint adventure or enterprise. McDaniel v. State Fair, 286 S. W., 513 (writ ref.); Griffin v. Reilly, 275 S. W., 242; 33 C. J., 841; 26 Texas Jur., 159.

*Charles Murphy* and *Sewall Myer,* both of Houston, for defendant in error.

The district court had jurisdiction to try all issues in the case. Cox v. Sinclair Gulf Oil Co., 265 S. W., 196; Porter v. Gibbs, 242 S. W., 1016; Stein v. Frieberg, K. & Co., 64 Texas, 271.

Where a lease agreement is based upon a valuable consideration in addition to the rental, which lease is not to terminate except upon the breach of its terms by the tenant, it is not a tenancy at will, but is a valid agreement and cannot be terminated at the will of either party. Meyer Milling Co. v. Baker, 10 S. W. (2d) 668; Southern Mining Co. v. Clayton, 32 S. W. (2d) 3; 35 C. J., 1120.

MR. JUSTICE SHARP delivered the opinion of the court.

After a careful consideration of the motion for rehearing filed herein by counsel for defendant in error, we have decided to substitute the following opinion for the original opinion rendered in this case. 76 S. W. (2d) 509.

On the 2d day of November, 1933, Bernard Lorino filed in the District Court for the Eightieth Judicial District of Harris County his original petition for a temporary injunction against the Mayor and Commissioners of the City of Houston from interfering with his possession of Stall No. 14, or in any manner interfering with his trade, or from compelling him to move or move his fixtures during the pendency of the suit or until the further orders of that court. The injunction was granted as prayed for. Lorino filed amended pleadings, alleging, in substance, as the basis of his cause of action, the following facts: That he had a rental agreement with the City whereby he might use and occupy Stall No. 14 in the city market, owned and operated by the City of Houston, for so long as he paid rent thereon and complied with the rules and regulations promulgated by the City of Houston for the operation of its city market; that prior to the time of his rental contract with the City Stall No. 14 was occupied by a tenant who had become in arrears with the rent on said stall to the extent of $375; that Lorino did rent Stall No. 14 from the City of Houston, paid the $375 back rent due by the former tenant, agreed to install new fixtures and to improve the premises, and the authorized agents and representatives of the City of Houston agreed that he could occupy the space for so long a period as he paid the rent therefor and conformed with the reasonable rules and regulations governing the city market; that he did install new fixtures for the purpose of conducting his business, to the value of approximately $5000; that he had built up a remunerative business by operating Stall No. 14 as a fish market; that he paid back rent amounting to $375 due by a former tenant; that the fixtures he had installed will be of no value to him if required to vacate Stall No. 14 in the city market; that so long as he pays rent on Stall No. 14, and complies with the rules and regulations of the City of Houston for conducting its city market, he is entitled to remain in said premises. He further alleged that the defendants are relying upon some ordinance of the City of Houston which attempts to give to the Mayor and/or the City Council the right "at their or either of their pleasure" to cancel leases of tenants in said market; that on the 26th

day of October, 1933, the Mayor and City Council gave notice in writing to Lorino that his rental contract in reference to Stall No. 14 had been cancelled and revoked, and he was asked to vacate the premises; and he prayed that the City be restrained permanently from in any manner interfering with his possesion of Stall No. 14 and in any manner interfering with his trade, and from compelling him to move and move said fixtures.

The trial court sustained a general demurrer to his original, as well as amended pleadings, without hearing the case upon its merits, and refused the injunctive relief prayed for. Lorino appealed to the Court of Civil Appeals at Galveston, and that court reversed the judgment of the trial court, and remanded the cause for trial, with instructions. 71 S. W. (2d) 402. The Court of Civil Appeals in its opinion sets out in detail the allegations embraced in Lorino's pleadings, and we refer to the opinion for a further statement of the matters alleged in the pleadings.

On appeal to the Court of Civil Appeals, counsel for defendant in error, among other things, contended:

"The District Court is the proper court to hear and determine the City of Houston's right, if any, to cancel this lease and is the proper court to hear and determine appellant's equities, and having first acquired jurisdiction the District Court should not surrender its jurisdiction to a Justice Court afterwards attempting to acquire jurisdiction of a forcible entry and detainer proceeding, which Justice Court has no jurisdiction to hear and determine appellant's equities and enter judgment therefor.

"* * * * *

"Appellant's allegations in his petition show equitable rights in him and show city's refusal to offer to do equity and appellant having filed suit for injunction in the District Court and that court having acquired prior jurisdiction of said matter, the city should be enjoined from thereafter, either by force or by proceeding in Justice Court, ousting appellant from possession until appellant's equitable rights are determined and appellant should not be disturbed in his possession until he is actually reimbursed and paid whatever sums the court determines is proper to restore his status quo.

"* * * * *

"A Justice Court is without jurisdiction in a forcible de-

tainer suit to determine the tenant's equities and the amount of reimbursement due him and to render a valid judgment on such issues."

The Court of Civil Appeals held that "the availability of equitable aid in his behalf through the court he so appealed to is clear, irrespective of whether he also had a remedy by way of damages that might in part have been set up in defense of a forcible detainer suit in a justice court the city had filed to oust him of his possession after he had so sought injunction in the district court (33 Corpus Juris, p. 867, par. 84, and cited authorities); for it is plain that the limited powers of that inferior tribunal in that kind of a proceeding would not have afforded a legal remedy as full and complete as an injuncton, which is the test laid down in our authorities."

The Court further said:

" The order of the district court appealed from will therefore be reversed, and the cause will be remanded, with directions to that court to grant the temporary injunction prayed for, pending a final trial of the whole cause of action on its merits, inclusive of that seeking damages and a permanent injunction, and thereafter to proceed with it as one over which it has full jurisdiction under the allegations of the petition."

The effect of the judgment of the Court of Civil Appeals is that the District Court has exclusive jurisdiction of this cause, and the City of Houston is prohibited from instituting and prosecuting a forcible entry and detainer suit to oust Lorino from such stall, which he claims to hold by reason of a lease contract.

Lorino does not allege any title to the premises, and has made no allegations that the title to said property is involved, nor that the City of Houston is insolvent and unable to respond in damages for a breach of the lease agreement, nor that the City intends or contemplates resorting to wrongful or unlawful acts; nor does he allege sufficient facts to show that he has no adequate remedy at law, and will suffer irreparable injury if forcible entry and detainer proceedings are instituted and prosecuted.

■ The Court of Civil Appeals erred in holding that, as all of the alleged rights of Lorino could not be urged and adjudicated in the justice court, on account of its limited jurisdiction in answer to a forcible entry and detainer suit, the District Court appealed from has exclusive jurisdiction to adjudicate all matters arising between the City and defendant upon this

lease contract, and for that reason he is entitled to an injunction restraining the City from interfering with him in the right of possession of Stall No. 14, as above set forth.

The Legislature has provided by forcible entry and detainer proceedings a summary, speedy, simple, and inexpensive remedy for the determination of who is entitled to the possession of premises without resorting to an action upon the title. This action allowed by law is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this State. See Article 3973 et seq., Rev. Civ. Stat. 1925, 19 Tex. Jur., pp. 764, 765, 766, and 767, and authorities cited.

Article 3994 reads:
"The proceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages, waste, rent or mesne profits."

In 19 Texas Jurisprudence, page 766, it is said:
"The action of forcible entry and detainer is not exclusive but cumulative of any remedy that a party may have in the District Court."

██ The rule is well settled that the defendant, in an action of forcible entry and detainer, may prove any facts not inconsistent with the title under which he went into possession of the premises which show that his right to occupancy existed when suit was brought, although such facts may be connected with the title. If the City has no right under the facts to terminate the lease, as contended for, that issue may be determined in detainer proceedings. Furthermore, if it appears that, on account of the limited jurisdiction of the justice court in which the forcible entry and detainer proceedings are pending, all matters between the parties cannot be adjudicated, either party may maintain an action in a court of competent jurisdiction for proper relief. For a full discussion of this question we refer to the following authorities: House v. Reavis, 89 Texas, 626, 35 S. W., 1063; Juneman v. Franklin, 67 Texas, 411, 3 S. W., 562; Hartzog v. Seeger Coal Co. (Tex. Civ. App.), 163 S. W., 1055; 19 Tex. Jur., pp. 766 and 767, and authorities cited.

██ To test the right of possession of property, the State has adopted a liberal policy by providing cumulative remedies. Therefore, an application for an injunction to prevent the prosecution of either remedy should be, and is always, subjected to strict construction. Viewed in the light of this rule,

the petition for injunctive relief does not state a cause of action. It is not made to appear from the record before us that Lorino's rights will be destroyed, or that he has no adequate remedy at law to protect him against the alleged wrongs complained of, or that he will suffer irreparable injury if injunctive relief is not granted. 19 Tex. Jur., pp. 763, 764 and authorities cited; Bexar County v. Stewart, (Texas Civ. App.), 41 S. W. (2d) 85, writ denied; Hartzog v. Seeger Coal Co., supra; Gibson v. Moore, 22 Texas, 611.

Under the law the City of Houston has the right to maintain entry and detainer proceedings against Lorino to determine the right of his possession of Stall No. 14, independently of the suit pending in the District Court. Therefore, the trial court correctly held that Lorino's application for temporary injunction should be denied. And the Court of Civil Appeals erred in directing the trial court to grant a temporary injunction, as it did in the order above described.

The cause of action attempted to be pleaded by Lorino against the City is based, as indeed it must be based, on the theory that he is entitled to hold the premises in dispute here as the tenant of the City and against its will. The petition certainly proceeds upon the theory that the City is a landlord and Lorino its tenant; and upon the further theory that Lorino has some character of lease contract with the City. As to the time or duration of such contract, the petition alleges that "the said City of Houston by words, acts and conduct of said City and of its duly authorized representatives represented to plaintiff and other tenants and thereby led said tenants, more especially this plaintiff, so renting, leasing and occupying space in the said City Market, to believe and understand, and this plaintiff did at all times so believe and understand, that so long as said tenants, and especially this plaintiff, paid the rent to the City of Houston charged for said space in said market and so long as said tenants and especially this plaintiff complied with reasonable rules and regulations of the City of Houston governing the operation and control of said City Market, that said tenants and more especially this plaintiff could continue to rent and occupy the space so rented to said respective tenants and more especially this plaintiff."

The prayer to Lorino's petition reads as follows:

"Wherefore, Plaintiff prays that this court issue a temporary restraining order, restraining the defendants and each of them from interfering with the possession of the plaintiff

of said Stall No. 14, and in any manner interfering with his trade and from compelling him to move and moving said fixtures and that notice be served upon the defendants to show cause why said temporary restraining order should not be continued as a temporary injunction and that on a hearing hereof that said injunction be in all things made permanent, and for his damages, for costs of court, and for such other and further relief as plaintiff might be entitled, for all of which he will ever pray."

▇ For the purposes of this opinion a lease may be defined as a grant of an estate in land for a limited term, with conditions attached. 35 C. J., p. 1140, sec. 581. A lease contract must, as to its duration, be certain as to time or refer to a certainty. Hill v. Hunter, 157 S. W., 247, and authorities there cited. If the tenant is holding the premises for no certain time as provided by the contract, he is merely a tenant at will. Hill v. Hunter, supra. All leases for uncertain terms are prima facia leases at will. 16 R. C. L., p. 612, sec. 91, and notes.

In Hill v. Hunter, supra, it was held that where a lessee claimed under an agreement that he might have the premises so long as he paid the rents, on account of the uncertainty of the period of duration it is a mere tenancy at will. It was further held that where one in possession of premises as lessee, paying a fixed annual rental, on an agreement on the part of the lessor that he should have the premises so long as he paid the rent, it is not enforcible, being a mere unilateral contract, and terminable at the will of either party.

When we come to examine the lease contract alleged by Lorino, we find that it certainly alleges facts which constitute the relation of landlord and tenant between him and the City, but it utterly fails to allege any certain time or duration for said contract to run. It further fails to refer to any certainty in that regard. In this regard the contract, as alleged by the petition, would run in Lorino's favor as long as he pays his rent and complies with the reasonable rules and regulations of the City governing the operation of the City's market. On the other hand, Lorino, under the contract alleged, can terminate the tenancy and vacate the premises at his own pleasure. Such a contract merely creates a tenancy at will. Hill v. Hunter, supra. And if the contract can be terminated at the will of the lessee, it may also be terminated at the will of the lessor.

Boiled down, Lorino's petition in the District Court, in

legal effect, expressly and affirmatively alleges that he is a tenant at will. The further legal effect of the contract alleged in the petition is to create a tenancy that can be terminated at the will of either the City or Lorino.

■ Nor does the petition invoke the doctrine of joint adventures. The general rule with respect to joint adventures is stated in 33 C. J., p. 841, as follows:

"A joint adventure has been aptly defined as a 'special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation.' "

The rule is also defined in 25 Texas Jurisprudence, pp. 159 and 160, in the following language:

"It is constituted by a special combination of persons in the nature of a partnership—more particularly, a limited or special partnership—engaged in the joint prosecution of a particular transaction for mutual benefit or profit."

Nowhere in the petition is it alleged that there is a community of interest, either in the losses or profits, of the business conducted by Lorino. Nor does it show a joint interest or labor. The authorities sustain the general rule that there must be a community of interest and participation in the profits. There is clearly no partnership between the City and Lorino,—none created by the contract, none existed in the conduct of the business, and none intended by the parties; and the contract pleaded is entirely lacking in those essential requisites necessary to constitute a joint adventure.

We have carefully considered the allegations contained in Lorino's petition in the most favorable light, and we fail to find where a cause of action has been alleged against the City of Houston; and the trial court correctly sustained the general demurrer to the petition.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Defendant in error's motion for rehearing is overruled.