**L. A. DURRETT & COMPANY et al., Appellants,**

v.

**J. M. ILEY, Appellee.**

**No. 17129.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 1, 1968.

Rehearing Denied Nov. 22, 1968.

**368**

Shirley W. Peters, Denton, for appellants.

Bill Cox, of Woodruff, Hill, Bader & Kendall, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Appeal from a summary judgment which decreed that a written agreement was unenforceable. J. M. Iley, alleging that he was the owner of certain land in Dallas County, instituted this action against L. A. Durrett & Company and L. A. Durrett, individually, seeking injunctive relief restraining defendants from removing dirt and gravel from the real property involved, and also asking that the court decree that a certain agreement between the parties relative to the removal of certain described materials be declared to be void and ineffective. The parties entered into a stipulation which eliminated the necessity for further hearing on the injunctive feature of the case. Thereafter Iley filed his first amended original petition in which he prayed that the written instrument signed by the parties involved, a copy of which being attached to the amended petition, be declared null and void or, in the alternative, that same be considered breached and terminated. Contemporaneously with the filing of the amended petition, Iley filed his motion for summary judgment, supported by affidavit. Both defendants responded with their first amended original answer and also filed a cross-action seeking affirmative relief in the form of money damages. Defendants also filed a response to the motion for summary judgment, same being supported by affidavit. The trial court heard the motion for summary judgment and sustained the same to the extent of holding that the written agreement in question, being terminable at will, is not enforceable. Thereafter defendants sought and were granted nonsuit on their cross-action thus eliminating all questions except those disposed of by the order sustaining the motion for summary judgment. Final judgment, adopting the prior order sustaining the motion for summary judgment insofar as the illegality of the written agreement was concerned, was entered by the trial court and this appeal follows.

The facts are without dispute. On September 16, 1965 Mr. Iley and Mr. Durrett

executed an instrument which had been written by Mr. Durrett on a letterhead of L. A. Durrett & Company, said instrument being reproduced as follows:

*Exhibit "A"*

## L. A. Durrett & Company

EXCAVATING · GRADING · PAVING

2922 WEST CLARENDON    PHONE FE 7-1984

DALLAS, TEXAS

9/16/65

### CONTRACT AGREEMENT

Mr. J. M. Iley agrees to sell one North West Model 25 dragline, with 45' boom, 3/4 yd. drag bucket, and tagline. TOTAL selling price cash    $5,000.00

SAND pit and gravel Lease Agreement. Approx. 200 Acres, located WEST of Hwy. 175 and Roosevelt Addition.

L.A.Durrett agrees to pay royalty on the dirt and gravel as follows:    Sandy loam ($0.15) fifteen cents per cu. yd.
Sand fill ($0.10) ten cents per cu. yd.
Pit gravel ($0.30) thirty cents per cu. yd.
Payments of all royalties are to be paid each Tuesday of each week. Failure to pay royalties will cancel lease agreement, unless otherwise agreed to by the land owner.

No digging will be permitted within 500 ft. of Hwy. 175. The road going to the back field is to remain. New pits can be opened by the approval of land owner.

The land owner reserves the right to sell the land by the tract. At which time the land owner agrees to pay L.A. Durrett, Leasee the sum of _____ for his lease agreement on the dirt, sand and gravel pit.

AGREED:

(Mr. J.M.Iley, owner)      (L.A.Durrett, Leasee)

Durrett entered the premises in question and did remove therefrom certain quantities of loam, sand fill, pit gravel and black dirt. It was his contention that he paid Iley for the material so removed on the basis of the agreement. The trial court construed the instrument as being one terminable at will and therefore not enforceable.

By their first point of error appellants for the first time contend that inasmuch as appellee Iley is not shown by the record to be the owner of the real estate involved that he therefore has no litigable interest and cannot maintain the cause of action to cancel the agreement. This contention is without merit. Iley did allege in his original petition that he was

the owner of the premises involved and no issue was raised in the trial court concerning such fact. Indeed, appellants themselves admitted in their first amended answer and cross-action that Iley was the owner of the premises involved. Moreover, in Durrett's affidavit in opposition to the motion for summary judgment he asserts that Iley was the owner of the land in question. Finally, the record reveals that the written agreement itself refers to Iley as the owner.

■ In their second point on appeal appellants complain of the action of the trial court in passing upon the motion for summary judgment prior to the time they were required to file an answer in response to the amended petition. This procedural point is without merit and is overruled. The motion for summary judgment was filed on November 19, 1965. On November 29, 1965 appellants filed their first amended original answer and cross-action and on December 3, 1965 they filed a response to the motion for summary judgment as well as a motion to dismiss or strike same. At no time did they assert that they were entitled to a continuance or that they needed further time to answer the motion. The court proceeded to hear the motion for summary judgment on December 3, 1965 and thereafter appellants objected to the proposed form of order but at no time presented the complaint now asserted. Appellants have completely failed to demonstrate that the trial court committed reversible error in this regard. Chalkley v. Ashley, 392 S.W.2d 752 (Tex.Civ.App., Dallas 1965).

This brings us to a consideration of the principal points advanced by appellants. First, they assert that the instrument in question is not to be considered as an ordinary lease but is in reality a conveyance of various strata of the earth in place which constitutes an interest in realty. Secondly, they contend that the trial court erroneously construed the instrument by holding that since the same contained no agreement relative to termination thereof it was terminable at will. Proper resolution of these questions requires careful study and construction of the instrument in question.

■ In Davis v. Andrews, 361 S.W.2d 419 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.), we had occasion to construe the terms of a mineral deed and we there enunciated the well established legal principles applicable to construction of such instruments which we think are equally applicable here. The primary rule of construction of any instrument is that the intention of the parties be ascertained and given effect. As stated in the Davis case, supra, even this primary rule of construction must be immediately modified with the restriction that it is not the intention which the parties may have had, but fail to express in the instrument, but it is the intention which by said instrument they did express. When we review the instrument, reproduced above, and being the only written instrument between the parties, we reach the conclusion that the parties did not intend that Iley was to convey a determinable fee interest in the real property.

■ The instrument, admittedly written by Durrett, is couched in layman's language. Nowhere within the four corners of this instrument do we find words which could be reasonably said to express the intention to grant, convey or devise any sort of fee interest in the real property involved. It is a general rule of law that words and phrases used in a contract will be accorded their ordinary, popular, and commonly accepted meaning. Again, this rule is qualified by the principle that the intention of the parties will be deemed to be controlling. 13 Tex.Jur.2d, § 135, pp. 312–313. Two expressions dominate the instrument. The first is "lease agreement" and the second is "royalty". To the ordinary layman a lease means a contract by which one party, usually known as the landlord, or lessor, gives to another, known as the tenant, or lessee, the

use and possession of land, buildings, etc., for a specified time and for fixed payments. Webster's New World Dictionary, College Edition. Our Supreme Court says a lease is defined as a grant of an estate in land for a limited term, with conditions attached. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307, 310 (1935). To the layman the word "royalty" ordinarily means a share of the proceeds or product paid to the owner of a right for permission to use it or operate under it. Webster's New World Dictionary, College Edition. Thus, when we view this instrument, totally devoid of any words of conveyance, in the light of the common and ordinarily accepted meaning of the dominant terms used therein, we conclude without doubt that the parties intended to enter into a lease agreement whereby Durrett would have the right to come upon the real property owned by Iley, remove the material therefrom, and pay Iley a fixed fee therefor. There being no intent to convey or grant to Durrett a fee interest in the real property involved, we overrule appellants' first contention.

Appellants, under the second contention above presented, take the position that the trial court attempted to rewrite the contract between the parties by adding thereto the provision that the same was terminable at will. We cannot agree with appellants. What the trial court really did was to hold that, because the agreement did not contain any provision for any term, the contract was, as a matter of law, terminable at will. The court was merely following the established law of this state for many years. Hill v. Hunter, 157 S.W. 247 (Tex.Civ.App., Austin 1913, writ ref'd); Norman v. Morehouse, 243 S.W. 1104 (Tex. Civ.App., Amarillo 1922, writ dism'd); Wildscheutz v. Lee, 281 S.W. 1105 (Tex. Civ.App., San Antonio 1926, no writ); Holcombe v. Lorino, 124 Tex. 446, 79 S.W. 2d 307 (1935); Perren v. Baker Hotel of Dallas, 228 S.W.2d 311 (Tex.Civ.App., Waco 1950, no writ); and Johnson v. Pet-

ty, 289 S.W.2d 797 (Tex.Civ.App., Amarillo 1956, no writ).

We have carefully examined all of appellants' points of error and find that none of them reflect reversible error and they are therefore overruled.

The judgment of the trial court is affirmed.