

# THE ATTORNEY GENERAL
## OF TEXAS

October 29, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Curtis R. Wilkinson
Lamb County Attorney
County Courthouse, Room 103
Littlefield, Texas 79339

Opinion No. JM-572

Re: Whether a lake in a munici-
pal park is public water under the
jurisdiction of the Texas Depart-
ment of Parks and Wildlife for
purposes of the Water Safety Act

Dear Mr. Wilkinson:

You inquire whether a lake in a certain municipal park is public
water within the meaning of the Water Safety Act and subject to the
jurisdiction of the Texas Department of Parks and Wildlife for
purposes of the Water Safety Act.

A home rule city has leased for recreational purposes a reservoir
and adjacent shoreline on private ranch land outside the limits of the
city. We are advised that the reservoir is approximately 1200 surface
acres and is fed by underground springs and rainfall and that citizens
of the area have used the lake extensively for swimming, skiing,
fishing, and camping for many years. By ordinance, the city has
declared the reservoir and adjacent shoreline a municipal park for as
long as the ordinance and long term lease remain in effect. The city
also adopted the provisions of the Texas Parks and Wildlife Code as an
ordinance to govern the behavior in and use of the municipal park.

Statutory and case law determine whether specific bodies of water
are the property of the state. Statutory law now codified as section
11.021(a) of the Water Code provides that

> [t]he water of the ordinary flow, underflow, and
> tides of every flowing river, natural stream, and
> lake, and of every bay or arm of the Gulf of
> Mexico, and the storm water, floodwater, and rain-
> water of every river, natural stream, canyon,
> ravine, depression, and watershed in the state is
> the property of the state.

The statute has been interpreted by the courts in light of the
constitution and the law under which lands were granted. Water from
springs and surface water from rainfall covering private land is not

always state water within the meaning of section 11.021(a). See Turner v. Big Lake Oil Co., 96 S.W.2d 221, 228 (Tex. 1936) (rainwater on private land); Bartley v. Sone, 527 S.W.2d 754, 759 (Tex. Civ. App. - San Antonio 1974, writ ref'd n.r.e.) (ownership of water from springs). See also Diversion Lake Club v. Heath, 86 S.W.2d 441, 446 (Tex. 1935) (water diverted from navigable stream); Reed v. State, 175 S.W.2d 473 (Tex. Civ. App. - Eastland 1943, no writ) (surface water in non-navigable lake); Taylor Fishing Club v. Hammett, 88 S.W.2d 127, 130 (Tex. Civ. App. - Waco 1935, writ dism'd) (water from springs, rainfall, and floodwaters in non-navigable inland lake); Attorney General Opinions H-805 (1976); H-68 (1973); M-1210 (1972); O-6579 (1945).

The question of whether specific water is state water under section 11.021(a) of the Water Code usually involves facts that this office cannot determine in the opinion process, such as the source and location of the water. However, the real issue before us is whether the reservoir is public water for purposes of the Water Safety Act and not whether it is the property of the state. In our opinion, the lake on private land that is leased to the city for recreational purposes and used as a public municipal park is public water within the meaning of the Water Safety Act, and the Parks and Wildlife Department may enforce the act.

The provisions of the Water Safety Act "apply to all public water in this state and to all watercraft navigated or moving on the public water." Privately owned water is not subject to the provisions of the Water Safety Act. Parks & Wild. Code §31.004. Section 31.003 of the Parks and Wildlife Code provides that

> [i]n this Chapter [the Water Safety Act]:
>
> . . . .
>
> (5) 'Water of this state' means any public water within the territorial limits of this state.

The Water Safety Act does not define "any public water" within the territorial limits of this state. The legislature, however, did state the policy of the act. Section 31.002 provides:

> It is the duty of this state to promote recreational water safety for persons and property in and connected with the use of all recreational water facilities in the state, to promote safety in the operation and equipment of facilities, and to promote uniformity of laws relating to water safety. (Emphasis added).

We do not construe the charter powers of the city but assume, without deciding, that the city is authorized by its charter to acquire property for use as a city park. A city is authorized by state statute to acquire and operate property for recreational purposes, including land outside the city limits. See V.T.C.S. art. 6081e (cities may acquire by gift, devise, purchase, or condemnation land for public parks within or without limits of the city); art. 6081f (cities may acquire land for park purposes and operate and maintain parks). See also V.T.C.S. arts. 1015c-1; 1176; City of College Station v. Turtle Rock Corp., 680 S.W.2d 802, 807 (Tex. 1984); Attorney General Opinions M-889, M-804 (1971). A city's power to acquire property for municipal purposes implies the power to lease it. See Attorney General Opinion Nos. MW-535 (1982); 0-6911 (1945).

A lease of real property is a sale of the right to use and occupy the property for a certain period of time and is a transfer of a right of ownership and an interest in the property. See State National Bank of El Paso v. United States, 509 F.2d 832, 835 (5th Cir. 1975); Citizens Bank and Trust Co. v. Wy-Tex Livestock Co., 611 S.W.2d 168, 171 (Tex. Civ. App. - Amarillo 1981, writ ref'd n.r.e.); L. A. Durrett & Company v. Iley, 434 S.W.2d 367, 371 (Tex. Civ. App. - Dallas 1968, writ ref'd n.r.e.). In Evans v. Ropte, 96 S.W.2d 973 (Tex. 1936), the court, quoting from a discussion by Emory Washburn in his book on Servitudes and Easements, points out that a right to take water from a spring or well is a grant of ownership and constitutes an interest in real estate.

The Texas Supreme Court has stated that a municipal park is a place where the public generally may go for various kinds of recreation and amusement. Lewis v. City of Fort Worth, 89 S.W.2d 975, 978 (Tex. 1936). See also King v. Sheppard, 157 S.W.2d 682, 685 (Tex. Civ. App. - Austin 1941, writ ref'd w.o.m.) (public park is place which public at large may resort to for recreation). Land acquired by a city for use as a public park is acquired for a public use.

It is our opinion that the fact that the city owns a leasehold interest in the lake which is used as a public municipal park and "a recreational water facility in the state" makes the lake public water for purposes of the Water Safety Act. We conclude that, during the duration of the lease to the city and the city's use of the lake as a municipal park, the lake is not privately owned water within the meaning of the Water Safety Act. Hence, it is not excluded from the provisions of the act.

## S U M M A R Y

A lake on private land that is leased to a city for recreational purposes and used as a public municipal park is public water within the meaning

of the Water Safety Act, and the Parks and Wildlife Department may enforce the act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General