In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00021-CV
______________________________


CHARLES TUNCLE, Appellant
 
V.
 
ROOSEVELT JACKSON, Appellee


                                              

On Appeal from the County Court at Law No. III
Smith County, Texas
Trial Court No. 50,020-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            The County Court at Law held it lacked subject-matter jurisdiction over Charles Tuncle's suit
against Roosevelt Jackson for forcible entry and detainer. The trial court then dismissed the case for
want of jurisdiction. Tuncle appeals and raises two points of error.


 For the reasons set forth below,
we affirm the trial court's judgment.
I. Factual and Procedural Background
            On August 24, 2004, Tuncle sued to evict Jackson from land located in Smith County, Texas. 
See Tex. Prop. Code Ann. §§ 24.001–.008 (Vernon 2000). The suit was filed in the Justice Court
for Precinct 5 of that county. See Tex. R. Civ. P. 738–755; Tex. Civ. Prac. & Rem. Code Ann.
§ 15.011 (Vernon 2002). The justice court subsequently entered a judgment of dismissal in favor
of Jackson on September 7. Six days later, Tuncle appealed to the County Court at Law No. III of
Smith County. 
            On appeal, the county clerk mailed via certified mail notices of the appeal to both Tuncle and
Jackson. Both certified mail return receipts were returned to the clerk. Tuncle's notice was sent to,
and received by, Tuncle's attorney of record. Jackson's notice, however, was sent to him personally,
even though the record showed Jackson was represented by counsel at the proceedings in the justice
court. On October 25, the county court at law found Jackson had failed to file a written answer to
Tuncle's petition after having been "duly and properly advised by the Smith County Clerk of the
Notice of Appeal and the requirement to file written answer pursuant to Rule 751 of the Texas Rules
of Civil Procedure . . . ." The court then awarded a default judgment in Tuncle's favor. 
            On November 1, 2004, Jackson's attorney (the same attorney who had represented Jackson
in the justice court) filed a motion to set aside the default judgment. The motion alleged Jackson had
not, in fact, received proper notice because the clerk had not sent notice of the appeal to Jackson's
counsel of record. The trial court heard argument on Jackson's motion November 10, 2004, and
thereafter set aside the default judgment. 
            Jackson then moved to dismiss the suit for want of subject-matter jurisdiction. Jackson
argued that justice courts have jurisdiction over forcible entry and detainer suits until a genuine fact
issue arises regarding title. According to Jackson's argument, when an issue regarding title arises,
the justice court loses jurisdiction and an action for trespass to try title must be submitted to a Texas
district court. See also Tex. R. Civ. P. 746.
            Jackson submitted evidence consisting of two certified documents from the Smith County
Clerk's office: (1) a warranty deed transferring title of the property in question from Patricia Johnson
to Jackson on September 8, 1982; and (2) a warranty deed, dated December 8, 1988, from Hazel
Johnson to Tuncle transferring title of a smaller portion of the same property in question. The
Jackson deed concerned property described as:
Undivided interest in 160 acres out of the W.P. Stapp Survey, Smith County, Texas,
Abstract No. 944, and being more particularly described as follows, to wit: 
BEGINNING at the North East corner of said Survey; THENCE West 367 Vrs;
THENCE South about 1242 vrs. to corner of said tract; THENCE South 79 W. 761
vrs. to West side of said Headright; THENCE South about 300 vrs. to corner of said
tract; THENCE East about 848 vrs. to E. line of said Survey; THENCE North to
inner N.W. corner of said East line; THENCE East 280 vrs. to East outer line of said
headright; THENCE about 1400 vrs. to the place of beginning.
 
The property in Tuncle's deed was described as:
All that certain tract or parcel of land situated in the William P. Stapp Survey,
Abstract 944, Smith County, Texas, being out of and a part of that certain 160 acre
tract described in a Warranty Deed from Ella Neal et al to Robert Larkin, dated
January 22, 1938, and recorded in Volume 372, Page 240, of the Deed Records of
Smith County, Texas, and being more particularly described by metes and bounds as
follows:
 
BEGINNING at a ½" iron rod found for the northeast corner of said William P. Stapp
Survey, same being the northeast corner of said 160 acre tract;
 
THENCE, SOUTH, with the east line of said William P. Stapp Survey and said 160
acre tract, a distance of 1915.24 feet to a ½" iron rod set for the southeast corner of
the herein described tract;
 
THENCE, South 89°26'53" West, a distance of 381.29 feet to a ½" iron rod set for
the southwest corner of the herein described tract;
 
THENCE, North 00°05'52" West, a distance of 1915.21 feet to a ½" iron rod set for
corner in the north line of said William P. Stapp Survey, same being the north line
of said 160 acre tract; said ½" iron rod being in County Road 487, from which a ½"
iron rod set for reference bears South 00°05'52" East, 30.00 feet;
 
THENCE, North 89°26'53" East, with the north line of said Stapp Survey and said
160 acre tract, a distance of 384.56 feet to the POINT OF BEGINNING and
containing 16.836 acres of land.
 
            Tuncle's deed and Jackson's deed appear to convey title to the same parcel of land (although
Jackson's title clearly intended to convey a substantially larger land mass). Thus, the evidence before
the county court at law fairly raised a question of title as to the property at issue in the underlying
detainer suit. The county court at law (because its appellate jurisdiction is limited to the justice
court's original jurisdiction) then determined it lacked subject-matter jurisdiction to proceed further
and, on December 8, 2004, granted Jackson's motion to dismiss.
II. The Trial Court Did Not Err In Granting Jackson's Motion for New Trial
            In his first point of error, Tuncle contends the trial court erred by granting Jackson's motion
for new trial. A trial court has broad discretion to grant or deny a motion for new trial. Champion
Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding). We
will not reverse a trial court's ruling on a motion for new trial absent a clear showing that the trial
court abused its discretion. Pessel v. Jenkins, 125 S.W.3d 807, 810 (Tex. App.—Texarkana 2004,
no pet.). 
            The Texas Rules of Civil Procedure expressly require "[a]ll communications from the court
or other counsel with respect to a suit shall be sent to the attorney in charge." Tex. R. Civ. P. 8. 
Moreover, the fact that a party has been denied due process through a lack of notice satisfies the first
Craddock


 factor of showing the failure to answer before judgment was not intentional or the result
of indifference and, in such event, the party need not satisfy the remaining Craddock requirements. 
Pessel, 125 S.W.3d at 810.
            Neither Tuncle nor the county clerk provided Jackson's counsel with proper notice of the
appeal. The evidence before the trial court supports the trial court's conclusion that the failure to
notify Jackson's counsel of the appeal directly caused Jackson's failure to answer the appeal. We
cannot say the trial court abused its discretion by granting Jackson's motion for new trial. Cf. Lopez
v. Lopez, 757 S.W.2d 721, 722–23 (Tex. 1988); Leon's Fine Foods of Tex., Inc. v. Merit Inv.
Partners, L.P., 160 S.W.3d 148, 154 (Tex. App.—Eastland 2005, no pet.). We overrule Tuncle's
first point of error.
III. The Trial Court Did Not Err by Dismissing Tuncle's Suit
            In his second point of error, Tuncle contends the trial court erred by dismissing his suit for
forcible entry and detainer. A forcible entry and detainer action is not an exclusive remedy; it is
cumulative. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307, 309 (1935). Suits for forcible entry
and detainer may be prosecuted concurrently with a trespass to try title claim filed with the district
court. Id.; Hartzog v. Seeger Coal Co., 163 S.W. 1055, 1059 (Tex. Civ. App.—Dallas 1914, no
writ). However, when the question of title to the property "is so integrally linked to the issue of
possession that the right to possession cannot be determined without first determining title, then the
justice courts and, on appeal, the county courts, lack jurisdiction over the matter." Gibson v. Dynegy
Midstream Servs., L.P., 138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.) (citing
Dormady v. Dinero Land & Cattle Co., 61 S.W.3d 555, 557–58 (Tex. App.—San Antonio 2001, pet.
dism'd w.o.j.); Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.);
Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995,
writ denied)).
            The county court at law dismissed Tuncle's appeal after the court had been presented with
two different deeds, each suggesting a different party to this suit owned the property in question. 
Thus, the facts of this case are different from the typical landlord-tenant dispute over who should
possess the rental property; the parties are actually at odds over who owns the property. We
therefore conclude that the questions of title and possession are—given the facts of this case—so
integrally linked that the justice court (and also the county court at law) could not have decided
Tuncle's claims for forcible entry and detainer without first deciding Jackson's title claim. 
Accordingly, the justice court and county court at law properly dismissed Tuncle's suit for want of
jurisdiction. Cf. Gibson, 138 S.W.3d at 522 (citing Dormady, 61 S.W.3d at 557–58; Falcon, 976
S.W.2d at 338; Mitchell, 911 S.W.2d at 171)). We overrule Tuncle's second point of error.
IV. Conclusion
            We affirm the trial court's judgment.



                                                                        Jack Carter
                                                                        Justice


Date Submitted:          August 8, 2005
Date Decided:             August 9, 2005



d at
814–15 (passenger did not have operator's license and both the defendant's identity and the vehicle's
owner were in doubt).
            In this case, it is unchallenged Liberto was properly arrested for DWI and was taken into
custody. Further, the officers had impounded his vehicle and had requested a tow truck. Liberto's
brother, the only passenger in the vehicle, could not produce evidence he had a valid driver's license. 
Entry was gained to the trunk of the vehicle without the use of force. Finally, Simmons testified the
Paris Police Department had a policy to inventory a vehicle any time it was impounded. Therefore,
the search of the trunk of the vehicle was also authorized as a result of a legitimate inventory of a
vehicle that had been impounded after the arrest of a driver when there was no other alternative than
impoundment to ensure the protection of the vehicle and its contents. See Benavides, 600 S.W.2d
at 811.
            We affirm the judgment of the trial court.




                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          May 26, 2006
Date Decided:             June 13, 2006

Do Not Publish