

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00105-CV

RICHARD CLIFFORD

APPELLANT

V.

SHARI MCCALL-GRUESEN, AS
TRUSTEE OF THE GRUESEN
FAMILY TRUST

APPELLEE

----------

### FROM COUNTY COURT AT LAW OF COOKE COUNTY
### TRIAL COURT NO. CV11-00487

----------

## MEMORANDUM OPINION ON REHEARING[1]

----------

Appellant Richard Clifford filed a motion for rehearing on our September 4, 2014 memorandum opinion and judgment. We deny the motion for rehearing,

---

[1]*See* Tex. R. App. P. 47.4, 49.3.

but we withdraw our prior opinion to correct the applicable standard of review.[2] Our memorandum opinion remains otherwise unchanged.

The suit in this case was precipitated by the eviction of Clifford by his former wife Appellee Shari McCall-Gruesen, as trustee of the Gruesen Family Trust, from property owned by her family. Clifford sued for conversion of personal property and for breach of an oral lease agreement. In five issues, Clifford argues that the evidence was legally and factually insufficient to support the trial court's judgment against him on his conversion claim, that the trial court's judgment against him on his breach of contract claim was based on an erroneous legal conclusion, that the judgment cannot be affirmed on the basis of waiver or laches, and that Clifford was harmed by the trial court's denial of his motion to compel discovery. Because we hold that the trial court's judgment on the breach of contract claim was not erroneous and that the directed verdict can be affirmed on the affirmative defense of abandonment, we affirm.

### Background

Clifford and Gruesen were married in 1993. Gruesen's family owned property in Woodbine, Texas. A home was constructed on the property during the marriage. The couple divorced in 2002. In the divorce settlement, Clifford received a home in Fort Worth. He nevertheless continued to live at the Woodbine property with Gruesen's permission.

---

[2]*See* Tex. R. App. P. 49.3.

At some point, Gruesen asked Clifford to leave the property because she wanted to sell it. Clifford moved but left some personal property behind. Gruesen eventually filed an eviction proceeding against him. On June 3, 2010, the trial court granted a no-answer default judgment in the eviction case, finding that Clifford's refusal to remove his personal property constituted a trespass. The judgment gave Clifford one week to move his property. The judgment stated that any property left on the premises after that time would be deemed abandoned.

Several months later, Gruesen obtained a writ of possession. In her application, she asserted that Clifford "refuses to remove himself[3] together with any and all personal property belonging" to him and refused to surrender possession of the property. The trial court issued the writ on September 9, 2010, ordering Clifford to vacate by September 20, 2010.

Clifford sued Gruesen for conversion of his personal property that had been at the Woodbine property. He alleged that after Gruesen obtained the judgment of eviction, he requested to enter the property to remove his personal belongings, but Gruesen refused to allow him access. He further alleged that between September 2010 when the writ was issued and February 2011, he had sent three written requests to be allowed to remove his personal belongings, but that she denied the first request due to it being too close to the Christmas

---

[3]Although Gruesen included this assertion in her application, as stated above, Clifford was not actually living on the property at this time.

3

holidays and did not respond to the second and third requests. He asked the trial court to order Gruesen either to allow him access to the property to retrieve his property or to deliver it to him, or alternatively to award damages of $20,000. Gruesen filed an answer that contained a general denial and that asserted the affirmative defenses of waiver and laches.

At a pretrial hearing, the trial court instructed Clifford to file a list of the personal property that he sought to recover. At the same hearing, the trial court granted Clifford's attorney's motion to withdraw. Clifford filed a list of property and estimated values.

The trial court signed an order granting Clifford's request to inspect the Woodbine property. The trial court subsequently granted Clifford's request to file an amended pleading adding a claim for breach of an oral contract.

Clifford filed a motion to compel discovery. Clifford had sent Gruesen's attorney a letter requesting "an approximate list of [his] personal property in question from the list provided you plus any additional items not on the list that have been sold, discarded[,] or otherwise disposed of." Gruesen did not respond to the letter, so Clifford moved to compel an answer. The trial court denied his motion.

The case was tried to the bench. Clifford testified that he and Gruesen had an oral agreement that he would reside at the Woodbine property until he either died or was unable to maintain the property. He stated that "after the judgment against [him], [he] was attempting to get [his] things out of the property"

4

to move out, but although he called Gruesen repeatedly, he was "continually put off . . . for months and months and months."

When asked why he did not remove his property when he moved out, he testified that he was trying to get Gruesen "to agree to some settlement" to compensate him for money he had put into the property after the divorce. He testified that at some point after he had moved out, he was no longer able to access the property without Gruesen's permission because she had changed the locks. He stated that there was further delay recovering his property because he was recovering from an injury.

The trial court admitted into evidence a copy of the default judgment of eviction and of the writ of possession. Gruesen's attorney argued that Clifford had the opportunity from the date of the judgment through September 20, 2010 to remove his property.

The trial court again asked Clifford why he did not take his property with him when he was moving off the property. He replied that he took some of his property, but then he injured his back. After that, Gruesen would not allow him access back on the property.

Clifford declined to offer any further evidence other than his testimony. At the conclusion of his evidence, Gruesen moved for a directed verdict, which the trial court granted. The court signed a judgment stating that "[Clifford] did not meet the elements required to prove his claim for conversion of his personal

property" and that Clifford's claim for an oral contract was barred by the statute of frauds. The judgment ordered Clifford's case dismissed. Clifford now appeals.

*Review of a Directed Verdict*

Although Gruesen moved for a directed verdict, a "motion for directed verdict" in a bench trial is more properly termed a "motion for judgment."[4] In a nonjury case, the trial court can grant a motion for judgment on either legal sufficiency or factual sufficiency grounds.[5] If the trial court finds the plaintiff's evidence factually insufficient at the close of the plaintiff's case, the trial court can grant judgment for the defendant without requiring the defendant to present his case.[6]

"The appellate standard of reviewing the propriety of granting a motion for directed verdict in a jury trial applies equally to the granting of a motion for judgment in a trial to the court."[7] This court has held that a directed verdict is proper "(1) when the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent, or (2) when the evidence is insufficient to raise a fact issue that must be established before the opponent is

---

[4]*See Matheus v. Sasser*, 164 S.W.3d 453, 457 (Tex. App.—Fort Worth 2005, no pet.) (citing *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303 (Tex. 1988)).

[5]*Qantel*, 761 S.W.2d at 304.

[6]*Id.*

[7]*Id.* at 303.

entitled to judgment."[8] A trial court properly directs a verdict for the defendant if either the "plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery," or if "the evidence conclusively establishes a defense to the plaintiff's cause of action."[9]

In reviewing a trial court's grant of a motion for judgment, as with a grant of a directed verdict, we "must view the evidence in the light most favorable to the party against whom the verdict was rendered and disregard all contrary evidence and inferences."[10] If we determine that there is "any evidence of probative value [that] raises a material fact issue, then the judgment must be reversed and the case remanded for the jury's determination of that issue."[11]

We must affirm the trial court's judgment in this case if the record establishes that Clifford failed to present evidence raising a fact issue essential to his right to recover or if the evidence conclusively establishes a defense to Clifford's claims.[12]

---

[8]*Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 191 (Tex. App.—Fort Worth 2004, pet. denied).

[9]*Id.*

[10]*Quantel*, 761 S.W.2d at 303–04.

[11]*Id.* at 304.

[12]*See Westchester Fire Ins.*, 152 S.W.3d at 191.

7

## The Oral Lease Agreement

In Clifford's third issue, he argues that the trial court's conclusion of law that his claim was barred by the statute of frauds is erroneous because the evidence demonstrates that the oral lease agreement did not fall within the statute of frauds. An incorrect conclusion of law does not warrant reversal if the judgment is otherwise correct, and we therefore affirm the judgment if it can be sustained on any legal theory supported by the evidence.[13]

The statute of frauds provides that a real estate lease for a term longer than one year "is not enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him."[14] Clifford testified that the lease was for more than one year. He also testified that the lease was to last until he died or until he could no longer maintain the property.

Clifford argues that the lease is not subject to the statute of frauds because it was a tenancy at will rather than a tenancy for a definite term.[15] But if the lease

---

[13]*A & W Indus., Inc. v. Day*, 977 S.W.2d 738, 741 (Tex. App.—Fort Worth 1998, no pet.); *see also Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766–67 (Tex. 2011) (stating that in an appeal from a bench trial in which no findings of fact or conclusions of law have been filed, the judgment must be affirmed if it can be upheld on any legal theory that finds support in the record).

[14]Tex. Bus. & Com. Code Ann. § 26.01 (West 2009).

[15]*See Effel v. Rosberg*, 360 S.W.3d 626, 630 (Tex. App.—Dallas 2012, no pet.) ("It is the long-standing rule in Texas that a lease must be for a certain

created a tenancy at will, then Gruesen could terminate it at will.[16] She therefore did not breach the contract by terminating the lease. Because the evidence conclusively established a defense to Clifford's breach of contract claim, we overrule Clifford's third issue.

## The Conversion Claim

"Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights."[17] To prevail on his conversion claim, Clifford had to establish that: (1) he owned or had legal possession of the property or entitlement to possession; (2) Gruesen unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, Clifford's rights as an owner; (3) Clifford demanded return of the property; and (4) Gruesen refused to return the property.[18] The trial court's judgment was proper on this claim if Clifford failed to

---

period of time or it will be considered a tenancy at will.") (citing *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 310 (1935)).

[16]*See id.* at 630–31; *ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied) ("A tenant at will has no certain nor sure estate; the lessor may put him out at any time.").

[17]*Henson v. Reddin*, 358 S.W.3d 428, 434–35 (Tex. App.—Fort Worth 2012, no pet.).

[18]*See id.*

9

present evidence raising a fact issue on each element of his conversion claim or if the evidence conclusively establishes a defense to the claim.[19]

We first consider whether Gruesen established a defense to the conversion claim. In Clifford's fourth issue, he argues that Gruesen cannot argue for affirmance based on grounds not stated in her motion for judgment. He argues alternatively that the trial court's judgment cannot be supported on any other theory; specifically, there is legally and factually insufficient evidence to support an implied finding of waiver or laches. He also argues that Gruesen did not plead or obtain a finding on an abandonment theory and that the evidence is legally and factually insufficient to support such a theory.

Clifford is correct that Gruesen did not plead abandonment. However, it was raised at trial, and evidence was given on the matter.[20] In his opening statement, Gruesen's attorney stated:

> We believe that when the evidence is shown and when the arguments are made that Ms. Gruesen did not convert this property, that based on the prior case, which we'll get into just a little bit, was an eviction and there was a judgment where she was—after one week he lost all right to the property.

---

[19] *See Westchester Fire Ins.*, 152 S.W.3d at 191.

[20] *See Johnston v. McKinney Am., Inc.*, 9 S.W.3d 271, 280 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ("The rule is well settled that an affirmative defense may be tried by consent, even if it is not properly pleaded."); *see also Collins v. Collins*, 345 S.W.3d 644, 648 (Tex. App.—Dallas 2011, no pet.) (stating that "an unpleaded issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating that both parties understood the issue was in the case, and the other party failed to make an appropriate complaint").

10

The trial court subsequently asked the attorney, "So is it your position then that after the passage of time he loses the right of possession or the right of ownership to the property?" The attorney responded, "I would have to show you or introduce the default judgment there, but in the default judgment, that case, it said after the expiration of one week that he would lose any title or right to that property."

As for evidence of abandonment, Gruesen introduced the judgment of eviction and the writ of possession into evidence. The trial court asked Clifford questions about the judgment and whether he understood that he had a week to remove his property. Clifford was also asked about and gave testimony about why he did not take his property with him when he moved in the first place, and why he did not retrieve his property after the eviction, despite hiring an attorney.

Gruesen's attorney made argument to the trial court about whether the property should be deemed abandoned given that Clifford "had ample time along the way, he had access. He didn't take steps to make sure he had his property." The attorney referenced the fact that Clifford had hired an attorney after the default eviction judgment and argued that "[t]he whole time from June 3rd, when it was first rendered, up until September 20th when he had to vacate, he knew, even though there was other things going on, he had a limited amount of time." He argued that "once that order was signed and [the trial court] denied [Clifford's attorney]'s motion [to set aside the default judgment], he really knew on August 9th he had a limited amount of time."

11

The trial court then allowed Clifford to respond, first advising Clifford that his concern was that "if you had your property there and you vacated the property, why you didn't take your property when you moved or after the default judgment why you didn't take your property during the one week?" Clifford then testified about why he left his property behind when he moved out and why he did not retrieve it after the eviction. The arguments and evidence shows that the parties understood that Clifford's abandonment of the property was at issue in the case, and the abandonment issue was clearly tried by consent. Thus, the fact that abandonment was not pled would not have prevented the trial court from considering it.[21]

Clifford argues that there is no evidence or, alternatively, there is insufficient evidence, that he abandoned his personal property. The default judgment of eviction specifically stated that "any personal property left about the Property by Defendant and/or Defendant's agents, representatives, affiliates, heirs, predecessors, successors, and/or assigns after one (1) week from the date of this final judgment shall be deemed abandoned." Clifford's failure to retrieve his property within the time period set out in the judgment constituted an abandonment of his property. To negate abandonment, Clifford therefore needed to produce enough evidence to raise a fact issue on whether the only

---

[21] *See Johnston*, 9 S.W.3d at 280; *Collins*, 345 S.W.3d at 648.

12

reason he did not retrieve his property was that Gruesen prevented him from doing so.[22]

Clifford attempted to negate this deemed abandonment with evidence that he attempted to remove his property but was unable to because Gruesen prevented him from doing so. He testified that Gruesen would not allow him on the property, but he also claimed that he was trying to "do other things and try to make some money to live on during that time" and that he had three different back surgeries.

Much of Clifford's testimony about being barred from the property was not clear about precisely when he was prevented from having access to remove his belongings. As far as we can determine, most of Clifford's testimony on the matter related to time after he moved off the property but before the default judgment. None of that testimony was relevant to whether he could have removed it after the eviction. And he did not provide an explanation for why, between the time he moved out and the point at which he contended that he was denied access, he did not remove his belongings, other than that he was trying to get Gruesen to agree to a settlement.

At the very end of his testimony on the matter, Clifford testified that he was denied access during the week after the eviction judgment. He did not testify that he was denied access in the period from August 9, 2010, when his motion to set

---

[22] *See Westchester Fire Ins.*, 152 S.W.3d at 191.

13

aside the default judgment was denied, to September 20, 2010, the date he had to vacate under the writ of possession. We hold that Clifford's testimony was not sufficient to overcome the deemed abandonment, and, accordingly, the trial court's judgment may be affirmed on the abandonment defense.

Clifford cites *Cargal v. Cargal*[23] for the proposition that Gruesen had to obtain an express finding on the affirmative defense of abandonment, and since she neither pled abandonment nor obtained an express finding on it, she waived it. *Cargal*, however, is not a trial-by-consent case. Because abandonment was tried by consent in this case, and because we must affirm the judgment on any ground that supports it,[24] we find *Cargal* inapplicable. We overrule Clifford's fourth issue.

Clifford argues in his fifth issue that if he did not meet his burden of proof on conversion, it was because the trial court denied Clifford's motion to compel certain discovery that went to the heart of his conversion case. He argues alternatively that the manner in which the trial court conducted the trial deprived Clifford of a fair trial.

Because we have held that the judgment may be upheld on the defense of abandonment, we need not consider whether the trial court abused its discretion by denying Clifford's motion to compel discovery. As to his alternative argument,

---

[23]750 S.W.2d 382, 384 (Tex. App.—Fort Worth 1988, no writ).

[24]*See Rosemond*, 331 S.W.3d at 766–67.

14

the trial court gave Clifford multiple opportunities to explain why his property was not abandoned.  We thus hold that the manner in which the trial court conducted the trial did not harm Clifford.[25]  We overrule Clifford's fifth issue.

In Clifford's first issue, he argues that the evidence is legally and factually insufficient to support the trial court's adverse findings on each and every element of Clifford's conversion claim.  In his second issue, he argues that because the evidence is legally and factually insufficient to support the trial court's adverse findings on his conversion claim, the trial court erred by denying Clifford's election for the return of his personal property.  He argues in the alternative that the trial court erred by denying Clifford's request for conversion damages.  In light of our disposition of Clifford's fourth and fifth issues, we need not address his first and second issues.[26]

## Conclusion

Having overruled Clifford's third, fourth, and fifth issues, which are dispositive, we affirm the trial court's judgment.

---

[25]See Tex. R. App. P. 44.1.

[26]See Tex. R. App. P. 47.1.

15

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

WALKER, J., concurs without opinion.

DELIVERED:  October 23, 2014