**B. K. BEUTELL, Ind. & d/b/a Hilltop House, Appellant,**

**v.**

**UNITED COIN METER CO., Appellee.**

**No. 4942.**

Court of Civil Appeals of Texas, Waco.

Dec. 17, 1970.

Rehearing Denied Jan. 21, 1971.

Matthews & Thorp, Paul Thorp, Dallas, for appellant.

Abney & Burleson, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from permanent injunction enjoining defendant

from removing laundry equipment from, or interfering with, plaintiff's quiet enjoyment of its leasehold at Hilltop House Apartments.

Plaintiff United Coin Meter Company sued defendant Beutell individually and d/b/a Hilltop House Apartments, alleging plaintiff had a lease for five years from September 28, 1967 on the laundry room at Hilltop premises (for the location of coin operated laundry equipment); that notwithstanding such lease defendant requested plaintiff to remove the equipment from the premises. Plaintiff plead the laundry equipment was on the premises when defendant purchased the property; that defendant accepted the proceeds from the lease; that defendant is estopped from denying the lease; and has ratified same. Plaintiff prayed for permanent injunction restraining defendant from interfering with plaintiff's leasehold, and specific performance of the lease contract.

Defendant answered plaintiff's lease is not binding on defendant since defendant was not a party to the lease; that defendant had not assumed the agreement; and no other privity existed between the parties.

Trial was to the court, which entered judgment, finding plaintiff had a valid lease on the laundry room at Hilltop House Apartments (until September 28, 1972); ordered defendants to specifically perform their obligations under the lease; and permanently enjoined defendants from removing plaintiff's laundry equipment from the premises and from interfering with plaintiff's quiet enjoyment of the leasehold during the term of the lease.

Defendant appeals on 2 points:

1) The trial court erred in holding the document sued on by plaintiff was binding on defendant since neither defendant nor any person in defendant's chain of title was shown to be a party to the document by assumption or otherwise.

2) The trial court erred in holding that the document sued on by plaintiff was a "lease".

Pertinent portions of the instrument plaintiff sued on follows:

"Lease
"State of Texas
"County of Dallas

September 28, 1967

"Memorandum of complete and final agreement between United Coin Meter Company, hereinafter called Lessee and Larry Tabak owner/or acting with full authority as Owner's agent, hereinafter called Lessor, of the property consisting of 17 Apartment Unit located at address commonly known as Hilltop House, 10450 E. Northwest Hiway, Dallas, Texas.

"In consideration of the mutual covenants contained in this lease, Lessee and Lessor agree to the following:

"1. Lessor herewith leases unto Lessee, and Lessee hereby hires from Lessor the laundry room on the premises described for a term of five years from the date first above written.

"2. Lessee shall be entitled to the right of exclusion installation and operation of coin operated laundry equipment on the above described premises for which Lessee shall pay * * * on a monthly basis as the total rental * * *.

"3. * * *

"4. * * *

"5. Lessee shall have the right of ingress and egress to the premises leased herein and shall be entitled to the quiet enjoyment thereof during the lease term.

"6. This agreement shall be automatically renewed for the same period of time unless cancelled in writing by either party within 30 days prior to its expiration.

"7. This agreement shall be binding on the parties hereto, their heirs, executors, successors, assigns and personal representative.

LESSOR: LARRY TABAK
by Larry Tabak
LESSEE: UNITED COIN
METER CO.
by /s/ Robert Martin"

The record reflects Hilltop House Apartments were conveyed by deed to Lloyd F. Silverberger and J. Robert Natoli in 1964; that plaintiff's lease was dated September 28, 1967, and signed by plaintiff's Vice President and one "Larry Tabak, owner/or acting with full authority as owner's agent"; that Silverberger and Natoli conveyed the property to defendant on March 5, 1968. It is undisputed that Tabak was never owner. There is no complaint as to the admission of the lease into evidence with its recital that Tabak was owner's agent. At the time defendant purchased the property plaintiff had its equipment in the laundry room and defendant knew this. Defendant after purchasing the property asked no questions of plaintiff as to the existence of a lease, and received and accepted the monthly rental checks from plaintiffs for 15 months, for plaintiff's use of the laundry room.

[1] Possession of property by a tenant at the time premises are conveyed puts the vendee on notice of the terms of the lease under which the tenant is holding, and this notwithstanding the fact the lease contract is not of record. Liedeker v. Grossman, 146 Tex. 308, 206 S.W.2d 232, 234.

We think the lease with its recital that Tabak was acting with full authority as the owner's agent constitutes some evidence of Tabak's agency, and this with the fact that defendant knew at time of purchase and thereafter, that plaintiff's equipment was in the laundry room, and accepted rentals from plaintiff for same for 15 months, charges defendants with knowledge of the contents of the lease, and defendant is estopped from asserting otherwise. Barfield v. Howard M. Smith Co. of Amarillo, Tex., 426 S.W.2d 834.

Defendant's 2nd point asserts the document sued on is not a "lease", but merely a license to locate equipment at the laundry room, and as such not binding on defendant.

Defendant did not plead or contend the document was a license in the trial court and, asserts this defense for the first time in this court.

The instrument is called a "Lease"; and is between a "Lessor" and a "Lessee". It "leases" a specific portion of the premises, namely the "laundry room", on the property known as "Hilltop House, 10450 E. Northwest Hiway, Dallas, Texas". It provides "Lessee shall have right of ingress and egress to the premises leased herein and shall be entitled to the quiet enjoyment hereof during the lease term"; and further binds the "parties hereto, their heirs, executors, successors, assigns, and personal representatives". Access to the leased premises was only to plaintiff, defendant and defendant's tenants. We think the instrument a lease.

Defendant's points and contentions are overruled.

Affirmed.