**Monsoor Ali VIRANI and Ahmed Ali Virani, Appellants,**

v.

**Raj Kumar SYAL and Susindar Syal, Appellees.**

No. 01–91–00504–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 30, 1992.

Rehearing Denied Oct. 1, 1992.

J. Michael Fieglein, Hosey, Presnall, Hosey & Fieglein, P.C., Galveston, for appellants.

Kenneth C. Kaye, League City, for appellees.

Before OLIVER–PARROTT, C.J., and MIRABAL and PRICE,[1] JJ.

## OPINION

PRICE, Justice (Assigned).

Raj Kumar Syal and Susindar Syal brought suit seeking the enforcement of a lease of real property. The jury found that T. Kenneth Higginbotham verbally agreed to lease the gas station to appellees for 15 years with a five-year option. Based on the jury's findings, the trial court entered judgment that Monssor Ali Virani and Ahmed Ali Virani, as successors in interest to Higginbotham, were bound by the terms of the lease.

Higginbotham owns several pieces of real estate in Galveston County. The property in question, a gas station, was once included in Higginbotham's holdings. In December 1985, Higginbotham discussed leasing the gas station to appellees. Shortly thereafter, appellees tendered a check for $1600 to Higginbotham, took possession of the gas station, and began making improvements so that it would be suitable for business operations. At that time, the parties agreed the rent would be $800 per month, with payments beginning when they opened for business. In January 1986, Higginbotham presented appellees with a proposed written lease. Substantive changes to the document were made by appellees. It was signed by Raj K. Syal, as tenant, and sent back to Higginbotham. Higginbotham testified the instrument was never returned and thus, never signed by him.

Appellees began making monthly rent payments to Higginbotham in April of 1986. In July 1987, Higginbotham agreed to sell four pieces of real property to appellants. The gas station was included in this sale. Higginbotham advised appellants the gas station was occupied by appellees. He further advised appellants he had not signed a written lease, one had not been agreed upon, and appellees were merely month-to-month tenants. Prior to the closing of the sale of the gas station to appellants, Higginbotham wrote to appellees stating that because they had failed to return the lease he had presented to them the previous year, it was withdrawn and a new lease needed to be negotiated. As of July 1987, appellees "remained" month-to-month tenants. After the sale was completed, on July 31, 1987, appellants demanded possession of the gas station. Appellees responded by filing this action.

In their second point of error, appellants contend the evidence is factually and legally insufficient to support the jury's answers to questions one [2] and four.[3]

■ When reviewing a legal sufficiency challenge, we consider only the evidence and inferences that support the challenged jury finding, and disregard all contrary evidence and inferences. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). If there is any evidence of probative force to support the finding, the point of error must be overruled and the finding upheld. *Holley*, 629 S.W.2d at 697.

■ In reviewing the record for factual sufficiency, this Court must examine all of the evidence, and, having considered and weighed all of the evidence, should set

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. Question No. 1

Do you find from a preponderancies of the evidence that Raj Sayl or Susinder Syal and Kenneth Higginbotham verbally agreed to lease the premises in question for a definite term in excess of one year?

Answer "Yes" or "No"
Answer: <u>Yes</u>

3. Question No. 4

What is the total number of years, if any, including options to renew, if any, that Higginbotham and the Syals agreed to lease the premises in question?
Answer: *20 years*

aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

The evidence relevant to the issues raised by this point of error may be summarized as follows: Higginbotham testified at trial that he obtained a building permit so that appellees could modify the gas station to suit the purposes of their business. When asked on cross-examination whether he entered into a lease with appellees, he answered no. He explained that he and appellees discussed a 10–year lease with a five-year option with an escalating rent ($800 for the first five years, $900 for the second five years, and $1000 for the final five years). Higginbotham further stated he told appellants the appellees were month-to-month tenants. Appellees' trial counsel then turned his inquiry to Higginbotham's deposition. In response to questions proffered at the deposition, Higginbotham stated, that while negotiating the sale of the gas station, he told appellants the gas station was leased to appellees at $800 per month. During the deposition the following question was proffered to Higginbotham, "What did you tell Mr. Virani as to how long a period of time that it was that the lease was to run?" He answered, "I think we discussed what was on the proposed lease, which was a 20–year lease." At trial, Higginbotham explained that he meant appellees were month-to-month tenants because they had not accepted the lease he proposed to them.

Raj Syal testified his brother and he agreed with Higginbotham to a five to 20–year lease at $800 per month. He mentioned that during negotiations an escalation clause was discussed. He further testified the proposed written lease stated the lease was to start on February 1, 1986, and end on January 31, 2001, but that he had scratched out the latter date and wrote April 30, 2011. On cross-examination, when asked how long was the term of the lease, Raj responded he thought it was more than 15 years at $800 dollars per month. He further stated the issue of property taxes and insurance were never

discussed, and that he indicated Higginbotham would enjoy the ownership of the improvements made by appellees when the lease expired. Susinder Syal testified Higginbotham offered a 15–year lease, to which his brother Raj countered that appellees would need a 25–year lease. Both appellees testified an escalation clause was discussed, and that Higginbotham was not concerned with the length of the lease.

Russell Lancaster testified he operated convenience stores in Galveston County and leased five locations from Higginbotham in Texas City and La Marque. He further testified that he was present during some of the negotiations between appellees and Higginbotham, and it was his understanding that the parties agreed to terms substantially similar to the terms of a lease that he had entered into with Higginbotham: 20–year term (four five-year options); rent to be escalated every five years; and appellees responsible for the taxes and insurance on the property.

■ A lease is a grant of an estate in land for a limited term, with conditions attached. *Holcomb v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 310 (1935). A lease contract must state its duration or refer to a certain date of expiration. If a tenant is holding premises for no certain time as provided by a contract, he is merely a tenant at will. *Id.*

■ After examining the testimony in this case, it is clear the terms of the lease were never settled between the parties. Apparently, the intent of the parties was to agree to a lease with long term provisions. The testimony is clear that no agreement was ever reached. The terms of the proposed lease Higginbotham sent to the Syals were changed and sent back. Higginbotham never received the modified lease and thus, never agreed to its terms. Raj Syal testified he did not know of a specific term, just that he thought it was supposed to be more than 15 years.

Consequently, the Syals, at the time the property was sold to the Viranis, were ten-

ants at will occupying the property on a month-to-month basis. Because the testimony does not establish a lease with certain terms, there was no evidence to support the jury's finding that the Syals and Higginbotham orally agreed to a lease for a period in excess of one year.

Appellant's second point of error is sustained. Because this point of error is dispositive of the case, we do not address the other issues.

The judgment is reversed, and judgment is rendered in favor of appellants.

MIRABAL, Justice, dissenting.

I dissent.

The jury found that the parties verbally [1] agreed to a lease of the gas station property for a definite term of 15 years, and that the parties agreed the lessee would have an option to extend the lease for an additional five years. In my opinion, the evidence is legally and factually sufficient to support at least the finding that the parties had agreed on a 15–year base lease term.

It is clear from this record that neither party intended the arrangement to be merely a month-to-month tenancy. Upon moving in, the lessees made substantial improvements to make the property suitable for gas station operations, all with the knowledge and consent of the landlord. The landlord sent lessees a proposed written lease specifying a 15–year lease term; the lessees countered that they wanted a 25–year lease. The landlord often assured the lessees that he was not concerned with the length of the lease, that the lessees should not worry about it, and that they should go ahead and make the improvements they wanted.

At a minimum, the jury could have properly concluded that, by his words, actions, and silence, the landlord had bound himself to lease the premises to the lessees for *at least* 15 years. Whether the evidence is also sufficient to support the "five year option" finding is not crucial in this case. The existence of an agreement to lease the property for at least 15 years means the

lessees were not simply month-to-month tenants, which means the new owners of the property cannot evict the lessees with just 30 days notice, as though they were tenants at will occupying the property on a month-to-month basis.

Unlike the majority, I would overrule point of error two, and I would address the other points of error raised in this appeal.

1. No issue has been raised about the applicability of the Statute of Frauds in this case.