Affirmed and Memorandum Opinion filed July 19, 2005









Affirmed and Memorandum Opinion filed July 19, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00717-CV

____________

 

TRADING FAIR
HOUSTON, INC.,
Appellant

 

V.

 

SIGNAD, INC., Appellee

 



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 01-62429

 



 

M E M O R A N D U M   O P I N I O N

This appeal arises out of a breach of a
real estate lease.  After a nonjury
trial, appellant Trading Fair Houston, Inc. (ATrading Fair@) was awarded
damages for breach of contract and attorneys= fees.  Appellee SignAd, Inc. (ASignAd@) was awarded
declaratory relief that the real estate lease remains in effect and attorneys= fees.  Trading Fair argues in four issues that the
trial court=s judgment should be reversed.  We affirm.








Factual and Procedural Background

On
March 14, 1994, SignAd entered into a twenty-five-year real estate lease with
Warren Hinkle.  The lease provided that
SignAd could erect and maintain a billboard on a parcel of Hinkle=s land located on
South Loop 610 in Houston in exchange for $3,000 rent, payable annually on
March 7th.  Hinkle died, and Trading Fair
acquired the parcel of land on which the sign is erected.  On November 15, 2000, Trading Fair informed
SignAd that the real estate lease was not valid and that SignAd should remove
its sign.  Then in May 2001, Trading Fair
informed SignAd that rent for the sign was due on March 7, 2001, and that
because SignAd failed to pay rent, the lease was terminated.  Trading Fair also told SignAd to remove any
advertising from the sign so that Trading Fair could utilize the sign for
tenant advertising.  SignAd responded
that it had not paid rent because it had not received notice of a new owner,
that termination of the lease was not a remedy for nonpayment of rent, and that
the sign was SignAd=s property.  Trading Fair subsequently filed a claim for
breach of contract, trespass, and trespass to try title.  SignAd filed a counterclaim asserting breach
of contract and requesting injunctive relief and a declaratory judgment that
the lease remains in effect.

After a nonjury
trial, the trial court dismissed Trading Fair=s trespass and
trespass to try title causes of action. 
The trial court also dismissed SignAd=s claim for breach
of contract and its request for injunctive relief.  The trial court held that SignAd had breached
the lease and that Trading Fair was entitled to $6,000 in contract damages for
rents unpaid for the years 2000 and 2001. 
The judgment also declared Trading Fair the rightful owner of the
property on which the sign is located and awarded Trading Fair an additional
$6,000 for rents in 2002 and 2003. 
Finally, the trial court entered a declaratory judgment in SignAd=s favor stating
that the lease was still in effect and awarded both parties attorneys= fees.  This appeal followed.








Discussion

In
its first issue, Trading Fair argues that the trial court=s failure to file
findings of fact and conclusions of law is reversible error.  Alternatively, Trading Fair asks for an
abatement and requests that we order the trial court to enter findings of fact
and conclusions of law.

The judgment in
this nonjury trial was signed on May 16, 2003. 
Pursuant to Rule 296 of the Texas Rules of Civil Procedure, Trading Fair
filed a ARequest for
Findings of Fact and Conclusions of Law.@  See Tex.
R. Civ. P. 296.  Trading Fair also
filed a ANotice of Past Due
Findings of Fact and Conclusions of Law@ pursuant to Rule
297.  See Tex. R. Civ. P. 297.  As
noted, the trial court failed to file findings of fact and conclusions of law.

A trial court=s duty to file
findings of fact and conclusions of law is mandatory if properly requested by a
party.  Cherne Indus., Inc. v.
Magallanes, 763 S.W.2d 768, 772 (Tex. 1989).  If a trial court fails to file properly
requested findings, harm is presumed unless the contrary appears on the face of
the record.  Tenery v. Tenery, 932
S.W.2d 29, 30 (Tex. 1996).  Error is
harmful if it prevents an appellant from properly presenting its case on
appeal.  Tex. R. App. P. 44.1(a); Tenery, 932 S.W.2d at 30.

Here, the parties agree that there are no
disputed fact issues; further, the trial court entered a detailed Final
Judgment which disposed of all issues. 
Accordingly, the trial court=s failure to file
findings does not prevent Trading Fair from properly presenting its case to our
court.  We overrule Trading Fair=s first issue.








In its second issue, Trading Fair argues
that the trial court should not have entered a declaratory judgment on SignAd=s counterclaim
because the counterclaim was actually a defense labeled as a counterclaim in
order to obtain attorneys= fees. 
Trading Fair did not specially except, move to strike, or in any way
object to SignAd=s pleadings.  In order to preserve a complaint for
appellate review, there must have been an objection, request, or motion in the
trial court.  Tex. R. App. P. 33.1(a). 
Because Trading Fair did not object to SignAd=s pleadings and
did not otherwise bring any pleading deficiencies to the attention of the trial
court, Trading Fair has not preserved this issue for review.  See City of Fort Worth v. Zimlich, 29
S.W.3d 62, 73 (Tex. 2000).  Accordingly,
we overrule Trading Fair=s second issue.

In its third and fourth issues, Trading
Fair argues the real estate lease is not a lease but a license and, therefore,
Trading Fair should be able to terminate the agreement for SignAd=s breach and not
be limited to monetary damages.  SignAd
contends that the agreement is a lease and that damages, rather than
termination of the contract, are the appropriate remedy for its breach.

A lease is a grant of an estate in land
for a limited term, with conditions attached. 
Holcombe v. Lorino, 79 S.W.2d 307, 310 (Tex. 1935); Virani v.
Syal, 836 S.W.2d 749, 751 (Tex. App.CHouston [1st
Dist.] 1992, writ denied).  A lease
contract must state its duration or refer to a certain date of expiration.  Holcombe, 79 S.W.2d at 310; Virani,
836 S.W.2d at 751.  A license, on the
other hand, merely confers a privilege to do some act or acts upon the land
without conveying any interest in or title to the land itself.  Samuelson v. Alvarado, 847 S.W.2d 319,
323 (Tex. App.CEl Paso 1993, no writ).

In construing a written contract, the
primary concern of a court is to ascertain the true intent of the parties as
expressed in the instrument.  Nat=l Union Fire Ins.
Co. of Pittsburgh, Pa. v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex.
1995).  We give terms their plain,
ordinary, and generally accepted meaning unless the contract shows the parties
used them in a technical or different sense. 
Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996).  If the contract can be given a certain or
definite legal meaning or interpretation, then it is not ambiguous, and the
court will construe it as a matter of law. 
Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983); Cook
Composites, Inc. v. Westlake Styrene Corp., 15 S.W.3d 124, 131 (Tex. App.CHouston [14th
Dist.] 2000, pet. dism=d). 
If, however, a contract is capable of more than one reasonable
interpretation, it is ambiguous.  Am.
Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003).








In the instant case, we conclude that the
agreement is not ambiguous and that the parties= true intent was
to create a lease, not a license.  In
support of this conclusion, we note the following:

(1)     The title of the agreement is AReal Estate Lease.@

(2)     Paragraph five states, AThis agreement is a lease (not a
license) . . . .@

(3)     The parties are referred to as Lessor and
Lessee.

(4)     The agreement Aexclusively@ grants SignAd the property on
which to erect the sign as well as Aaccess to and upon same.@

(5)     The
agreement is for a term of twenty-five years.  


In sum, the agreement exclusively grants to SignAd the
property on which the sign is erected for a term of twenty-five years, and the
agreement specifically states that it is not a license.  Thus, the agreement is a lease.[1]  See Beutell v. United Coin Meter Co.,
462 S.W.2d 334, 336 (Tex. Civ. App.CWaco 1970, writ
ref=d n.r.e.) (finding
instrument, which was titled ALease,@ listed parties as
ALessor@ and ALessee,@ and granted
lessee exclusive rights to laundry room area of property, was a lease and not a
license).








Trading Fair argues that it should be
allowed to terminate the agreement due to SignAd=s breach.  Termination of leases is disfavored by Texas
law, especially where adequate compensation can be made for the breach.  W.W. Laubach Trust v. Georgetown Corp.,
80 S.W.3d 149, 157 (Tex. App.CAustin 2002, pet.
denied).  Here, the lease contains no
provision that permits termination of the lease for nonpayment of rent.  Paragraph six allows termination of the lease
only at the end of the twenty-five year term, and paragraph ten states that A[t]his Lease shall
constitute the sole agreement of the parties.@  Further, in this case, monetary damages are
an adequate remedy for SignAd=s breach.

Having found that the agreement in this
case is a lease and that monetary damages are an adequate remedy for SignAd=s breach, we
overrule Trading Fair=s third and fourth issues.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed July 19, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.











[1]  Trading Fair=s reliance on H.E.Y. Trust v.
Popcorn Express Co., 35 S.W.3d 55 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied), in support of its argument that the agreement in this case should be
construed as a license and not as a lease is misplaced.  Popcorn Express addressed whether an
agreement between the City of Houston and an airport concessionaire was a lease
for purposes of allocating broker=s fees.  Id. at
57B58. 
This court held that the agreement was a license.  Id. at 58B59. 
The agreement in Popcorn Express, however, is distinguishable
from the agreement in this case.  The
agreement in Popcorn Express was not titled ALease,@ did not refer to the parties as
lessor and lessee, was merely a concession agreement, and did not involve an
exclusive grant of property.  Id. at
57B59. 
Conversely, the agreement in the instant case is not a concession
agreement and has many of the attributes of a lease that the agreement in Popcorn
Express lacked.